CASE 80.—ACTION BY D. A. GLENN AGAINST ELIZA GOR-
MAN AND ANOTHER TO SUBJECT CERTAIN
PROPERTY TO HIS JUDGMENT.—Feb'y 16, 1904

## Gorman, &c. v. Glenn.

### Appeal from Kenton Circuit Court.

Judgment for plaintiff and defendants appeal—
Affirmed.

1. Execution—Levy on Land—Subsequent Incumbrance—Bill to
   Set Aside.—Jurisdiction—Relief—Location of Land—Record
   of Execution—Motion to Quash—Presumption—Pleading.—
   While ordinarily an execution plaintiff must enforce his ex-
   ecution lien by a sale as provided by the Statute, he may
   file a petition in equity under Ky. St., 1903, section 1907a,
   to set aside a fraudulent conveyance or mortgage, and, as
   the chancellor has jurisdiction of the parties, he may grant
   complete relief while they are before him, by enforcing the
   execution.
2. Under Ky. St. 1903, section 1656, authorizing the issuing of
   an execution to a county other than that in which the judg-
   ment is rendered, or in which the defendant resides, before
   an execution has been returned therein "No property found,"
   when the plaintiff, his agent or attorney, shall file with the
   clerk an affidavit stating that the defendant in the judg-
   ment has not sufficient property in either of these counties
   to satisfy the same to execution, it must be presumed that
   the clerk did his duty, and that the proper affidavit was
   filed before the executions to such other counties, and, on a
   bill to set aside a conveyance by the debtor of the land
   levied on, an allegation in the answer that no execution had
   issued to the county in which judgment was rendered, is
   insufficient to overcome the presumption.
3. The county in which the judgment was rendered was the
   proper forum for quashing the execution issued to another
   county for failure to comply with the statute.
4. When an execution creditor filed a bill to set aside a sub-
   sequent mortgage by the debtor, an answer by the mortgagee

denying that the mortgage was without consideration, or made to hinder or delay the creditor, and that no record of the execution liens was made in the county where the land was situated, but not averring that he had parted with value without notice, did not bring him within Ky. St. 1903, section 2358a, subsection 2, providing that no execution shall affect a subsequent purchaser without notice unless a memorandum showing the execution, has been filed in the office of the clerk of the court of the county where the land lies.

5. Where an execution was levied on two lots, and the court ordered only so much sold as would satisfy the execution, it is to be presumed that the property was divisible.

HALL & McLEAN and W. C. HALL for appellants.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

D. A. Glenn on January 14, 1897 had an execution issued from the office of the clerk of the Boone Circuit Court in his favor against Eliza Gorman for $67.00 with interest from September 3, 1877 and $11.80 costs, directed the Sheriff of Kenton county, who levied it on January 3, 1897 on two lots in Covington, Ky., as her property, subject to a mortgage held by the Erlanger Building and Loan Association. She thereupon filed suit in the Boone Quarterly Court in which the judgment against her had been rendered enjoining the collection of the execution, but she did not execute the bond to discharge the levy under section 278 of the Civil Code. That case was tried out and judgment having been given against her dissolving the injunction she appealed to this court but her appeal was dismissed for want of jurisdiction. (Gorman v. Glenn, 22 R., 839)

On January 3, 1898, the mortgage held by the building association was released and on May 6, 1898, Glenn had another execution in his favor issued and levied on the same two lots. On May 26, Eliza

Gorman executed to Anna Sullivan a mortgage on the two lots to secure as recited therein the payment of $1,400.00. On December 21, 1900, the injunction suit having been finally settled, Glenn filed this action against Eliza Gorman and Anna Sullivan alleging the facts above stated, also that he had a superior lien on the land; that the mortgage from Gorman to Sullivan was executed without consideration and was given to hinder and delay him in the collection of his debt. He prayed judgment subjecting the property to his claim. Eliza Gorman filed a general demurrer to the petition and also filed an answer in which she set up again the same matters that had been litigated in the injunction suit. She also denied that the mortgage to Anna Sullivan was without consideration or made to delay or hinder the plaintiff in the collection of his debt and alleged that the executions had been issued to the sheriff of Kenton county before there had been any execution issued to the sheriff of Boone county. Anna Sullivan filed an answer in which she denied that the mortgage to her was without consideration or made to hinder or delay the plaintiff in the collection of his claim and she alleged that there was no record of the execution liens relied on in Kenton County—no lien of record in the Kenton County Clerk's office or Circuit Clerk's office of either execution at the date the mortgage was given to her and that she had no notice of the execution levy; but she does not allege that she in fact paid Eliza Gorman any money or parted with any consideration on the faith of the mortgage.

The case being submitted to the court on the pleadings he entered a judgment directing the land or so much of it as might be necessary to satisfy the plain-

tiff's debt and costs to be sold. The sale was made and on the motion of Anna Sullivan was set aside. She then filed an amended answer asserting a lien on the property under her mortgage. The court ordered a resale and at this sale she bought the property for $725.00, it being appraised at $600.00. This sale was confirmed without objection. Within two years from the entry of the original judgment Eliza Gorman and Anna Sullivan have sued out from the Clerk of this court an appeal therefrom.

While ordinarily an execution plaintiff must enforce his execution lien by a sale as provided by the statute, he may file a petition in equity under section 1907 a, Ky. St. to set aside a fraudulent transfer, conveyance or mortgage and, as the chancellor has jurisdiction of the parties, he may grant complete relief while they are before him. The general demurrer to the petition was therefore properly overruled. The second execution created a lien on the land without regard to what had been done under the first.

Section 1556, Ky. St. authorizes the issuing of an execution to a county other than that in which the judgment is rendered or in which the defendant resides before an execution has been returned therein no property found, when the plaintiff, his agent or attorney shall file with the clerk an affidavit stating that the defendant in the judgment has not sufficient property in either of these counties to satisfy the same subject to execution. It must be presumed that the clerk did his duty and that the proper affidavit was filed before the executions in controversy were issued. The allegation of the answer is insufficient to overthrow the presumption, the allegation being merely that no execution had issued to Boone County.

Besides the proper forum for quashing the execution, if this question was desired to be raised, would be the Boone Circuit Court from whose clerk's office the execution issued.

Anna Sullivan does not state facts sufficient to bring her within subsection 2 of section 2358 a, Ky. St. The execution levy was older in date than her mortgage and was superior to her unless she was a bona fide purchaser without notice. She does not plead any facts sufficient to show that she was a bona fide purchaser. The statute only protects those who have parted with value without notice of the execution lien where the required memorandum has not been filed in the county clerk's office.

The court ordered only so much of the property sold as was necessary to pay Glenn's debt and costs. This was proper; we must presume that the property was devisible as it consisted of two separate lots. No appeal is taken from the order confirming the second sale, and in fact no exception was filed thereto.

Judgment affirmed.